IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-01055-CMA

BILL J. HARBOTTLE,

   Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

   Defendant.

---

**ORDER AFFIRMING ADMINISTRATIVE LAW JUDGE'S DECISION**

---

This is a social security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Bill J. Harbottle challenges the final decision of Defendant, the Commissioner of Social Security, denying his applications for social security disability benefits and supplemental security income. *See* 42 U.S.C. §§ 401-33 and 1381-83. The denial was affirmed by an administrative law judge ("ALJ"), who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act").

## I. BACKGROUND

On September 25, 2005, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability as of September 13, 2005, when he was 46 years old.[1] He claimed disability due to various ailments

---

[1] (Administrative Record "R." at 12, 52, 298-304.)

including a mass on his lung, weakness, fatigue, soreness, and pain.[2]  He has a high school education and past relevant work experience as a cashier, an auto detailer, carpet cleaner, cook, pizza delivery driver, and recycling plant laborer.[3]

Plaintiff's applications were denied on March 16, 2006.  On October 2, 2007, his claim was heard by an ALJ via video conference.  Plaintiff and a vocational expert (VE), Robert M. Van Iderstine, testified at the hearing.

On January 9, 2008, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[4]  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 13, 2005.  At step two, he found that Plaintiff suffered from the following severe impairments: chronic obstructive pulmonary disease, nodules in the lungs, and degenerative disk disease of the lumbar spine, all of which the ALJ found caused significant limitation in Plaintiff's ability to perform basic work activities.  At step three, the ALJ found that Plaintiff's impairments, while severe, did not meet any of the impairments listed in the social security regulations.  At step four, the ALJ found that Plaintiff had the residual

---

[2] (*Id.* at 52, 97, 104.)

[3] (*Id.* at 88-90, 98-99, 102.)

[4] The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); 20 C.F.R. §§ 404.1520 and 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.)  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

functional capacity (RFC) to perform "light" work, with the following limitations. He could lift up to 20 pounds 33% of the time and up to 10 pounds 66% of the time. He could only bend, stoop, crouch, or kneel for up to 66% of the time. Finally, Plaintiff could not be exposed to irritants like dust, smoke, and fumes. Given this RFC, the ALJ found that Plaintiff could perform his past relevant work as a cashier.[5] Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act and, thus, was not entitled to benefits. The Appeals Council denied his request for review on February 26, 2009.[6] Plaintiff then filed this action seeking review of the Commissioner's decision.

## II.  DISCUSSION

**A.    STANDARD OF REVIEW**

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Evidence is not substantial if it is overwhelmed by other evidence. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v.*

---

[5] (R. at 15-22.)

[6] (*Id.* at 3-5.)

*Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

**B.  ANALYSIS**

Plaintiff argues that the ALJ erred: (1) by finding that Plaintiff's depression was not a "severe impairment" and (2) by not allowing Plaintiff to question the witnesses at the hearing.

    1.  Plaintiff's Depression

Plaintiff's first alleged error has two parts—that the ALJ should have found his depression to be severe and, if not, the ALJ should have ordered a consultative examination to evaluate its severity.

        *a)  The ALJ's Finding Regarding Plaintiff's Depression*

The ALJ acknowledged that Plaintiff suffered from depression. He found, however, that Plaintiff's depression was not severe.[7]

Plaintiff argues this was error. The burden, however, is on Plaintiff, at step two, to show he has a medically severe impairment or combination of impairments. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). An impairment or combination of impairments is "severe" if it significantly limits an individual's ability to perform basic work activities. Basic work activities are:

---

[7] (*Id.* at 16.)

4

> abilities and aptitudes necessary to do most jobs, including walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgement, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting.

*Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004). An impairment or combination is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.[8] "[W]hile the showing a claimant must make at step two is *de minimis*, a showing of the mere presence of a condition is not sufficient." *Cowan v. Astrue*, 552 F.3d 1182, 1186 (10th Cir. 2008) (citing *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003)).

The Court finds that substantial evidence supports the ALJ's determination that Plaintiff's depression was not a severe impairment. While it is true that Plaintiff was diagnosed with depression at Mountain Family Health Centers,[9] that fact, without more, is insufficient to find his depression was severe. The mere presence of a condition does not make it "severe." *See Cowan*, 552 F.3d at 1186.

Plaintiff, however, also cites his prescription to Prozac and his symptoms of fatigue. The Court acknowledges this evidence may support a finding of depression. It does not, however, support a finding of severe depression. As explained by the ALJ,

---

[8] See 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings (SSRs) 85-28, 96-3p, and 96-4p.

[9] (R. at 115, 117, 119, 127, 147, 162.)

5

Plaintiff did not mention depression in his applications for benefits, never sought treatment (aside from medication), and did not complain of it during his consultative exam in March 2006.[10] In sum, Plaintiff cites no evidence supporting his contention that his depression limits his basic work activities—as it must before it qualifies as "severe." Accordingly, the Court finds that the ALJ's determination that Plaintiff's depression was not severe is supported by substantial evidence.

      *b)*      *The ALJ's Decision To Not Order A Consultative Examination*

Plaintiff also argues the ALJ should have ordered a consultative exam by a psychologist or psychiatrist to explore the severity of his depression. He cites 20 C.F.R. § 404.1519a(b)(4):

> b) Situations requiring a consultative examination. A consultative examination may be purchased when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on your claim. Other situations, including but not limited to the situations listed below, will normally require a consultative examination: . . .
>
> 4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source;

Plaintiff argues the ALJ's failure to order an exam was legal error given the "insufficient" record. The Court disagrees. While it is true that "[t]he ALJ has a basic obligation . . . to ensure that an adequate record is developed during the disability

---

[10] (*Id.* at 246-49.)

6

hearing consistent with the issues raised,"[11] the Court finds that the record was sufficient for the ALJ to make his disability determination.

There was record evidence regarding Plaintiff's daily activities and physical abilities – which showed he could cook, clean, and care for himself;[12] there was evidence showing that Plaintiff's symptoms of fatigue were mitigated when he complied with his treatment;[13] and there was no evidence, medical or otherwise, suggesting that Plaintiff's depression had any increased effect on his ability to work.  *See, e.g.*, *Barrett v. Astrue*, 340 F. App'x 481, 487 (10th Cir. 2009) (unpublished) (affirming ALJ's decision to not order exam where evidence showed, *inter alia*, that claimant's depression was controlled by medication).  Finally, the consultative physician who examined Plaintiff with respect to his physical impairments did not observe any mental difficulties during the examination.[14]  Accordingly, the Court finds that the ALJ did not err in failing to obtain a consultative psychological examination for Plaintiff.  *See Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997) (observing the agency "has broad latitude in ordering consultative examinations.").

2. Plaintiff's Examination Of Witnesses At Hearing

Finally, Plaintiff argues that the ALJ erred by denying Plaintiff's counsel the opportunity to question Plaintiff or the VE.  The regulations to provide claimants the

---

[11] *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993).

[12] (*Id.* at 20, 246-47.)

[13] (*Id.* at 129, 158.)

[14] (*Id.* at 246-47.)

right to "present witnesses and question any witnesses at the hearing." 20 C.F.R. § 404.916(b)(4). That right, however, was not violated here. The record contains no evidence that Plaintiff or counsel asked the ALJ for additional testimony. In addition, the ALJ specifically asked Plaintiff's attorney whether there was anything else about which he needed to be aware.[15] Plaintiff's counsel responded, "No."[16] In sum, the evidence does not indicate that Plaintiff's counsel was precluded from questioning any of the witnesses; rather, it shows he chose not to.

### III.  CONCLUSION

The ALJ's denial of Plaintiff's applications for disability benefits and supplemental income is supported by substantial evidence and free of legal error. Accordingly, the Commissioner's decision is AFFIRMED.

DATED: August  18  , 2010

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[15] (*Id.* at 317.)

[16] (*Id.*)